FILED

07 MAR -1 AM 8:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

1   LUANNE SACKS (Bar No. 120811)
    EMILY L. MAXWELL (Bar No. 185646)
2   DLA PIPER US LLP
    153 Townsend Street, Suite 800
3   San Francisco, CA 94107-1957
    Tel: 415.836.2500
4   Fax: 415.836.2501

5   NOAH A. KATSELL (Bar No. 217090)
    DLA PIPER US LLP
6   401 B Street, Suite 1700
    San Diego, CA 92101
7   Tel: 619.699.2632
    Fax: 619.699.2701

8
    Attorneys for Defendant
9   SONY ELECTRONICS INC.

10

11              UNITED STATES DISTRICT COURT

12            SOUTHERN DISTRICT OF CALIFORNIA

13   THEODORE ARABIAN, MARTIN           CV NO. 05-CV-1741 WQH (NLS)
     SAUER, EKREM SARAC, STEVE
14   VARADI and DAVID JOHNSON, On       STIPULATED AND [PROPOSED]
     Behalf of Themselves Individually and All   PROTECTIVE ORDER REGARDING USE
15   Others Similarly Situated,         AND DISCLOSURE OF CONFIDENTIAL
                                        INFORMATION
16              Plaintiffs,

17        v.

18   SONY ELECTRONICS INC.,

19              Defendant.

20

21

22        The parties to this Stipulated Protective Order Regarding the Use and Disclosure of

23   Confidential Information are Plaintiffs Theodore Arabian, Martin Sauer, Ekrem Sarac, Steve

24   Varadi and David Johnson (collectively "Plaintiffs") and Defendant Sony Electronics Inc.

25   ("Sony") and their respective counsel. The parties agree that a protective order will be entered to

26   protect their personal, private, confidential and trade secret information. Therefore, pursuant to

27   /////

28   /////

-1-

1    Federal Rule of Civil Procedure 26(c), the parties and their counsel stipulate and IT IS HEREBY

2    ORDERED AS FOLLOWS:

3       <u>**Applicability**</u>

4       1.     This Stipulated Protective Order shall apply to information and materials disclosed

5    during the course of the above-captioned action, by any party or non-party, including but not

6    limited to information disclosed:

7         a.     during any informal discovery or production of documents that may occur

8    through cooperation/agreement of the parties;

9         b.     during formal discovery;

10         c.     in any pleading, document, affidavit, interrogatory answer, responses to

11    requests for admission, brief, motion, transcript, or other writing;

12         d.     in testimony given in a deposition; or

13         e.     through any manner or means of discovery or disclosure, including entry

14    onto land or premises and inspection of books, records, documents and tangible things.

15       The provisions of this Stipulated Protective Order shall apply to Plaintiffs and Sony ("the

16    Parties"), their counsel of record, and any non-party or third-party who agrees to be bound by the

17    terms of this Stipulated Protective Order.

18       <u>**Definitions**</u>

19       2.     The terms defined herein shall throughout this Stipulated Protective Order have the

20    meanings provided. Defined terms may be used in the singular or plural.

21         a.     "Producing Party" means the party, or person or entity other than a party,

22    being asked to produce information.

23         b.     "Designating Party" means the party to whom Confidential Information

24    belongs or relates and who has designated it as Confidential or Attorneys' Eyes Only, even if the

25    information was not produced by that party.

26         c.     "Receiving Party" means the party receiving or requesting production of

27    information protected under this Stipulated Protective Order.

28    /////

1        d.    "Protected Information" means information, whether or not embodied in a

2 physical medium, used by the Producing Party in or pertaining to its trade or business and/or

3 personal private information, which information the Producing Party believes in good faith is

4 confidential in that it contains confidential, non-public information, including but not limited to:

5 all Litigation Materials reflecting, referring to or evidencing proprietary trade secrets; information

6 subject to a legally-protected right of privacy; confidential commercial research or development

7 information; and information that is privileged under the Federal Rules of Evidence.  Protected

8 Information includes all information designated "CONFIDENTIAL" and/or "ATTORNEYS'

9 EYES ONLY."

10        e.    "Litigation Material" means all pleadings, motions, affidavits and related

11 papers, and all documents produced or exchanged in the Court of this Action or any settlement

12 negotiations, and all transcripts or testimony given in depositions, in hearings before the Court, or

13 at trial.  Litigation Material includes, but is not limited to the information described in ¶ 1 of this

14 Stipulated Protective Order.

15        **Designation of Protected Material**

16        3.    All information which a Producing Party believes in good faith to be entitled to

17 protection from public disclosure shall be designated using the following terms:

18 (a) "CONFIDENTIAL," if the Producing Party believes in good faith that the information is

19 commercially sensitive or subject to a right of privacy; (b) "ATTORNEYS' EYES ONLY," if the

20 Producing Party claims in good faith that the information is of such an extremely sensitive nature

21 that the disclosure of such information would result in competitive or other business injury,

22 including but not limited to any trade secret information, product design descriptions or

23 depictions, product testing, and product development or marketing strategies.  Information

24 designated CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be referred to collectively as

25 "Protected Information."

26        4.    Any Producing Party may designate as Protected Information all or any portion of

27 any Litigation Material by the following means:

28 /////

-3-

DLA PIPER US LLP   SF\3127783.8              05CV17441 WQH (NLS)

1        a.    Any documents or other tangible Litigation Material may be designated as

2  Protected Information at any time by either: (i) stamping or writing "CONFIDENTIAL" or

3  "ATTORNEYS' EYES ONLY" on such material at or before the time of production; or (ii) by

4  notifying all other parties in writing of the Producing Party's claim of protected status at any time

5  subsequent to the time of production.  In order to provide the parties an adequate opportunity to

6  designate Litigation Materials, all Litigation Material produced in this case shall be deemed

7  "CONFIDENTIAL," whether or not stamped with an appropriate legend, for a period of thirty

8  (30) days following production.  Once a party receives notice that a Producing Party has made a

9  designation, such party shall treat the designated materials in accordance with this Stipulated

10  Protective Order regardless of how much time has passed since the time the newly-designated

11  materials were first produced.  Publicly filed, issued or disseminated documents may not be

12  designated as Protected Information.

13        b.    Deposition or other testimony and/or all or any part of any document or

14  thing marked for identification may be designated by any of the following means: (i) by stating

15  orally on the record that the information is Confidential or Attorneys' Eyes Only information on

16  the day the testimony is given; or (ii) by sending written notice designating information within

17  thirty (30) days after receipt of the deposition transcript.  All information disclosed during a

18  deposition shall be deemed to have been designated Confidential until thirty (30) days after the

19  transcript has been received, whether or not portions of the transcript have been previously so

20  designated.  Deposition transcripts containing Protected Information shall be bound and sealed

21  and may only be examined by persons described in Paragraphs 11 and 12 of this Stipulated

22  Protective Order.

23        c.    Any deposition transcripts that have been designated either in whole, or in

24  part, as ATTORNEYS' EYES ONLY shall be maintained only at the offices of counsel for the

25  Parties, and will not be copied or otherwise distributed to any individuals who do not otherwise

26  have access to such information under the terms of this Stipulated Protective Order.  Any review

27  of such transcripts by deponents for the purposes of making changes or corrections shall be

28  conducted at the offices of counsel for the Parties and no deponent shall remove or take any

-4-

1   copies of such transcripts from counsel's offices, except in the event the deponent is an expert

2   witness or current employee of the Producing Party.  In the event that the review of such

3   transcripts at the offices of counsel is unduly burdensome or expensive, the parties will meet and

4   confer to establish alternative arrangements.

5          d.      Any party may designate as CONFIDENTIAL or ATTORNEYS' EYES

6   ONLY any information produced by a third party, if that party believes in good faith that such

7   information is entitled to such designation and protection from disclosure under the terms of this

8   Stipulated Protective Order.  Such designation shall be made by giving written notice to all

9   parties, and the producing third party, within thirty (30) days of the date of production of the

10  information to be so designated, or, if thirty (30) days notice is impracticable, then as soon as is

11  practicable, and such information shall thereafter be stamped or otherwise marked

12  CONFIDENTIAL or ATTORNEYS' EYES ONLY.

13         e.      Where only parts of any testimony, documents, or other information or

14  Litigation Material are claimed to be entitled to protection, counsel claiming protected status shall

15  designate the parts of said Litigation Material for which protected status is claimed, and only

16  those parts shall be subject to this Stipulated Protective Order.

17      5.    The Parties understand and agree that this Stipulated Protective Order does not

18  apply to any information reflecting a party's non-public source code, source code logic or

19  algorithms of the Producing Party's software or computer applications.  The term "source code,"

20  includes but is not limited to, computer instructions and data definitions expressed in a form

21  suitable for input to an assembler, compiler or other translator.  The Parties specifically

22  understand and agree that if Plaintiffs seek the production of any source code information that a

23  different protective order with more extensive protections would be negotiated to protect that

24  source code information.  This Stipulated Protective Order shall not obligate the Parties to

25  produce any source code and does not act as an admission or agreement that any source code is or

26  is not discoverable in this Action.

27      6.    The Parties agree not to use the designations "CONFIDENTIAL" and

28  "ATTORNEYS' EYES ONLY" for purposes of harassing the Receiving Party or for purposes of

-5-

1  unnecessarily restricting the Receiving Party's access to information concerning the lawsuit.

2  Upon the request of a non-party, whose information is to be produced by a party in this Action,

3  the non-party's Protected Information shall be designated as "CONFIDENTIAL" or

4  "ATTORNEYS' EYES ONLY."

5  **Treatment of Protected Information**

6        7.    Protected Information shall be subject to the following provisions:

7           a.    The Producing Party shall produce a paper or electronic copy of such

8  Protected Information directly to the Receiving Party's outside counsel of record;

9           b.    The Receiving Party's outside counsel of record shall maintain and store

10  the paper or electronic copy of the Protected Information at their offices in a manner that prevents

11  unauthorized duplication or access;

12           c.    With the exception of copies to be provided to the Court, served on parties

13  to this litigation, or to be used during a deposition, the Receiving Party's outside counsel may not

14  distribute more than six (6) additional copies (in paper or electronic form) of the Protected

15  Information to any individual outside of their offices, including any copies to be distributed

16  pursuant to Paragraph 7(d) below; and

17           d.    The Receiving Party's outside counsel may only disclose, reveal, or

18  otherwise disseminate a copy of the Protected Information to those individuals identified in

19  Paragraphs 11 and 12 below.

20  **Use of Protected Information in Court**

21        8.    Any Party seeking to introduce Protected Information to the Court, or to refer to

22  such materials in their papers to the Court, shall comply with the following procedures:

23           a.    Any Party seeking to introduce or refer to Protected Information in any

24  motion or other paper filed with the Court must give all other Parties reasonably prompt notice of

25  its intent to introduce or refer to such information.  The notice contemplated in this subsection

26  must specify the document(s) in question as follows: with regard to deposition excerpts, the party

27  must specify the relevant page or page/line reference; with regard to electronic or hard copy

28  documents produced bearing a Bates number affixed by the producing party, the party must

-6-

1  specify the relevant Bates number; if the produced document does not bear a Bates number, the

2  party must provide a copy of the document, electronically or in hard copy, or otherwise describe

3  the document or information in writing with sufficient particularity to readily enable it to be

4  identified for purposes of any application to the Court to seal the relevant information. The

5  Parties shall meet and confer regarding whether or not such Protected Information should be

6  sealed in the Court's record. When the Parties are in agreement, they shall make a joint motion to

7  seal the Protected Information in the Court's records. When the Parties are unable to agree, the

8  Producing Party shall make its own motion to have the information sealed. Protected Information

9  which has not yet been the subject of a motion to seal shall not be filed as part of the public

10  record, but shall be confidentially lodged with the Court pending the Court's ruling on a motion

11  to seal those records. In the event that material is lodged with regard to a motion other than a

12  motion to seal, the party seeking to seal the Protected Information shall make a motion to seal the

13  information within a reasonable time after notice of the use of the Protected Information is given.

14  After the ruling on any motion involving confidentially lodged Protected Information, it shall be

15  the responsibility of the Producing Party to send a courier to the Court's chambers to retrieve the

16  confidentially lodged documents. The courier shall be sent not less than thirty (30) days or more

17  than sixty (60) days after the Court enters its ruling on the motion for which the confidentially

18  lodged Protected Information was introduced. Protected Information which is confidentially

19  lodged with the Court shall not become part of the public file unless the Court denies a motion to

20  seal those materials. The confidentially lodged Protected Information may become part of the

21  sealed files if the Court so orders.

22          b.      Other than as set forth in section 8(a) above, nothing shall be filed under

23  seal, and the Court shall not be required to take any action, without separate prior order by the

24  Judge before whom the hearing or proceeding will take place, after application by the affected

25  party with appropriate notice to opposing counsel. The Court may modify the Protective Order in

26  the interests of justice or for public policy reasons.

27          c.      The Receiving Party will not oppose the in-chambers, not in open court,

28  hearing of the application to seal, if otherwise permitted by the Court. In addition to the

1   provisions set forth above in subparagraph (a), any Court hearing which refers to or describes

2   Protected Information shall, at the Court's discretion, be in chambers, not in open court.

3         9.     In the event that Protected Information is used in any court proceeding in this

4   action the protected documents shall not lose their designated status through such use, and the

5   party using such material shall take reasonable steps to protect their confidentiality during such

6   use, including but not limited to, compliance with Paragraphs 8(a)-(c) above. This Stipulated

7   Protective Order shall not be deemed a waiver of any party's right to object to the production,

8   designation, disclosure or admissibility of the Protected Information or the taking of any

9   testimony or other evidence on any basis other than their confidential status pursuant to this

10  Stipulated Protective Order.

11       **Information Regarding Potential Class Members**

12        10.    If Sony is compelled to provide information regarding any potential class

13  member(s), all such information, including the name(s) and address(es) of any potential class

14  member(s), may be designated as ATTORNEYS' EYES ONLY Information, pursuant to the

15  provisions of this Stipulated Protective order. Such information will not be disclosed to third

16  parties except in accordance with the provisions of this Stipulated Protective Order. Additionally,

17  the identities and addresses of any potential class member(s) disclosed by Sony will not be used

18  by Plaintiffs, their attorneys, representatives or agents for any purpose other than in discovery

19  directed to Sony, or as specifically pre-approved by the Court.

20       **Disclosure of Protected Information**

21        11.    Protected Information marked "ATTORNEYS' EYES ONLY" shall only be

22  available to the following individuals, subject to the terms of Paragraph 3:

23            a.    the Court, including judicial employees and other necessary personnel such

24  as court reporters;

25            b.    jurors at trial;

26            c.    court reporters, transcribers, notaries public, or stenographers;

27            d.    any attorney of record for the Parties to the extent such attorney is a

28  signatory to this stipulation or has executed the Acknowledgement and Agreement to Stipulated

-8-

1   Protective Order attached hereto as Exhibit B (such acknowledgements shall be signed *before* any

2   Protected Information is reviewed by said attorney(s), shall be maintained by counsel and shall be

3   provided to counsel for the Producing or Designating Party as part of any fee application which

4   may later be made regarding those attorney(s)' time), in-house attorneys for a Party, and the

5   necessary paralegal, clerical, and secretarial staff employed by such counsel in this action;

6          e.      any authors or identified original recipients of the designated documents;

7          f.      any expert and/or consultant retained by any Party and/or their counsel for

8   the purpose of discovery in this litigation or assisting in the preparation of this litigation for trial,

9   but only if such expert and/or consultant has executed the Acknowledgment of and Agreement to

10  Stipulated Protective Order attached hereto as Exhibit A, unless otherwise agreed to by the

11  Parties.

12         g.      any mock juror retained by a Party in this action, but only if each such

13  individual to whom such Confidential Information will be available has executed the

14  Acknowledgment of and Agreement to Stipulated Protective Order attached hereto as Exhibit A;

15         h.      any third party contractor and its employee(s) involved in document

16  management, copying services, or the preparation of demonstratives or other exhibits for

17  deposition or trial proceedings, but only if each such individual to whom such Confidential

18  Information will be available has executed the Acknowledgment of and Agreement to Stipulated

19  Protective Order attached hereto as Exhibit B;

20         i.      any other persons as to whom the Parties in writing agree, or as may be

21  designated by order of the Court after reasonable notice to all Parties;

22         j.      any current employee of the Producing Party in the course of that

23  employee's deposition in these matters;

24         k.      any former employee of the Producing Party in the course of that former

25  employee's deposition in these matters if that employee is represented by counsel of record for

26  the Producing Party at the deposition, and if the Confidential Information at issue was created

27  prior to the date of termination of that employee; and

28         l.      any expert retained by the Producing Party during that expert's deposition.

-9-

12.     Protected Information marked "CONFIDENTIAL" shall only be available to the following individuals, subject to the terms of Paragraph 3:

        a.     the named parties;

        b.     other persons who may have access to Protected Information marked CONFIDENTIAL are those described in paragraph 11 (a)-(l) inclusive, subject to the same terms and conditions.

13.     Protected Information and any summaries, copies, or abstracts of that information shall not be disclosed for any purpose other than the prosecution, defense, or settlement of this action.

14.     Only the attorneys for the Parties in the above-captioned lawsuit may authorize copies to be made of Protected Information, subject to the terms of Paragraphs 7(c) and 7(d).

15.     Protected Information marked ATTORNEYS' EYES ONLY may be disclosed during a deposition to the Producing Party, current employees of the Producing or Designating Party, experts retained by the Producing or Designating Party for this litigation, and former employees of the Producing or Designating Party who are represented by counsel of record for the Producing or Designating Party at the deposition; however, in the case of a former employee, such information may only be disclosed if it was created during the period of time during which the former employee was employed and there is a reasonable basis to conclude based on the employee's position or documentary evidence produced that the employee had access to the information during the course of their employment.  In the event that a Party intends to disclose ATTORNEYS' EYES ONLY material during a deposition to a witness who is not the Producing or Designating Party, a current employee of the Producing or Designating Party, an expert retained by a Producing or Designating Party in this litigation, a former employee of the Producing or Designating Party who is represented by counsel of record for the Producing or Designating Party at the deposition, or a former employee who was terminated after the Confidential Information at issue was created, and to whom disclosure is not otherwise allowed pursuant to Paragraph 11, the disclosing Party must designate to the Producing Party and/or the Designating Party the specific items of designated ATTORNEYS' EYES ONLY information to

-10-

1   be disclosed not less than five (5) court days prior to the commencement of such deposition, to

2   afford all Parties the opportunity to object and to seek a protective order prior to such disclosure.

3   If the Producing or Designating Party notifies the disclosing Party before the deposition that it

4   will seek a protective order limiting the use of the document at issue, the document may not be

5   revealed to the witness until after the Court has resolved the issue.  Additionally, the Producing or

6   Designating Party may not notify the deposition witness, or his or her attorney(s) of the identity

7   or content of the document unless and until the Court resolves the issue in favor of disclosure.

8   Absent such prior designation of information marked ATTORNEYS' EYES ONLY, a Party may

9   not reveal such material during a deposition to a witness or expert to whom disclosure is not

10  otherwise allowed pursuant to Paragraph 11, without the express agreement of the Producing

11  Party and/or the Designating Party and following execution by the witness of the

12  Acknowledgment of and Agreement to Stipulated Protective Order, attached hereto as Exhibit A.

13  The failure of the disclosing Party to provide five (5) court days notice of the intent to use a

14  designated document in a deposition shall not relieve the Producing or Designating Party of the

15  obligation to meet and confer in good faith regarding the use of the document.  In the event that

16  the Producing Party and/or the Designating Party refuse to agree to such disclosure during a

17  deposition, the disclosing Party will adjourn the deposition examination regarding that

18  ATTORNEYS' EYES ONLY information and all Parties will complete the deposition on all

19  other topics.  Within fifteen (15) days following the receipt of the transcript of the deposition, the

20  disclosing Party must advise all Parties if it intends to pursue further the previously incomplete

21  examination regarding the ATTORNEYS' EYES ONLY information.  If such notice is timely

22  provided, any Party objecting to disclosure to the witness of the ATTORNEYS' EYES ONLY

23  information must file a motion for a protective order prohibiting disclosure of some or all of the

24  information to the witness within fifteen (15) days of the receipt of such notice.  If the Court

25  grants the motion for protective order, the deposition will be deemed completed in all regards.  If

26  the Court denies the motion for protective order, in whole or in part, the deposition will

27  reconvene at a mutually convenient date and time for examination regarding the ATTORNEYS'

28  EYES ONLY information only.

-11-

16.    In addition to the procedures set forth above, in the event a Party wishes to foreclose access to information marked CONFIDENTIAL or ATTORNEYS' EYES ONLY, in whole or in part, to any person, that Party may, upon a showing of good cause, move the court *ex parte* for an appropriate order precluding access allowing reasonable time for the party seeking access to oppose. Once such motion has been filed, the Protected Information shall not be disclosed to such person before the Court rules on such motion.

17.    This Stipulated Protective Order shall continue to be binding after the conclusion of this litigation, except that a Party may seek written permission of the opposing parties or further order of the Court with respect to dissolution or modification of this Stipulated Protective Order.

**Return of Protected Information**

18.    Within sixty (60) days after the conclusion of this case, counsel shall assemble and return to the other counsel or destroy all copies of Protected Information in their possession and in the possession of any person to whom they have disseminated the Protected Information, except that counsel of record for a Receiving Party may retain one (1) file set per law firm of pleadings, deposition transcripts, or trial transcripts, and counsel's own work product containing Protected Information. The reasonable cost of shipping Protected Information back to the Producing Party's counsel or destroying such information at the direction of the Producing Party shall be borne by the Producing Party. Counsel of record for a Party returning or destroying such Protected Information, upon written request, will verify that same has been accomplished and will verify that no other such material exists in the custody, control or possession of that Party, its counsel, its agents or any consultants.

**Challenges to Designation**

19.    All documents or information marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" will be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY material until a court orders or the Parties agree otherwise. A Party objecting to the designation of any information must notify the Producing Party and/or Designating Party of the objections in writing, and state the grounds therefore; any motion to be filed by the Producing Party and/or

-12-

1  Designating Party for confirmation by the Court of the designation shall be filed within twenty-

2  five (25) days of the receipt of the objection.  The Party asserting the designation shall have the

3  burden of establishing that designation.

4        20.    Nothing in the foregoing provisions of this Stipulated Protective Order shall:

5            a.    prevent a Party from objecting to discovery which it believes to be

6  improper; or

7            b.    limit any Party's disclosure or use of Protected Information produced by

8  that Party.  Nothing in this Stipulated Protective Order shall prohibit the Producing Party from

9  using its own Protected Information in the normal course of its business.

10        21.    If any Party is served with a subpoena to produce Protected Information or ordered

11  by a Court to do so, the Party shall give prompt written notice to the Party asserting the

12  designation of the subpoenaed materials to allow that Party to seek protection by the Court.

13        22.    The Parties and all third parties subject to discovery in this action hereby consent

14  to the jurisdiction of this Court for the purpose of enforcement of the provisions of this Stipulated

15  Protective Order with respect to this action, and the Court hereby retains jurisdiction to interpret

16  and enforce this Stipulated Protective Order for a period of two (2) years following the final

17  resolution of this case and any appeals in this case.  The Parties agree to meet and confer

18  regarding the disclosure and/or dissemination of Protected Information during trial prior to the

19  commencement of trial.

20        **Privileged Documents and Documents Product By the Work Product Doctrine**

21        23.    It is the intent of the parties to assert and preserve all information within the

22  attorney-client privilege or entitled to work product protection.  If privileged or protected material

23  is inadvertently disclosed, such disclosure shall not alone be deemed a waiver of the privilege or

24  protection and shall in no way prejudice assertion of the privilege or protection.  If a recipient is

25  notified in writing that document(s), Litigation Material or other tangible information were

26  inadvertently produced containing privileged or protected information, the recipient shall, unless

27  challenging the claim of privilege or protection, return those document(s), Litigation Material or

28  other tangible information.  The return of claimed privileged or protected material shall not in any

-13-

1     way waive the recipient's right to challenge the claim of privilege or protection, but such

2     challenge shall not divulge the contents of the material except to the Court under seal as provided

3     herein.

4     **Reservation of Rights**

5     24.

6         a.    Nothing in this Stipulated Protective Order shall constitute: (i) an

7     agreement by the parties to produce any documents or supply any information or testimony in

8     discovery not otherwise agreed upon or required by court order; (ii) a waiver by any person or

9     party of any right to object to or seek to modify this Stipulated Protective Order or to seek a

10     further protective order with respect to any discovery request; or (iii) a waiver of any claim of

11     immunity or privilege with regard to any testimony, documents or information.  Nothing herein

12     shall prevent a party from contending that if another person disclosed testimony, documents or

13     information to a governmental, quasi-government, or regulatory agency or authority during the

14     course of an investigation, litigation or other adversary proceeding, that this disclosure constituted

15     a waiver of any claim of immunity or privilege with respect to the testimony, documents or

16     information disclosed.

17         b.    Evidence of the existence or non-existence of a designation under this

18     Stipulated Protective Order shall not be admissible as evidence at trial for any purpose.

19     **Amendment or Modification**

20     25.    The provisions of this Stipulated Protective Order may be modified at any time by

21     stipulation of the parties, by motion to the Court.  With or without a motion, the Court may

22     modify this Stipulated Protective Order in the interests of justice or for public policy reasons.

23     **Execution in Counterparts**

24     26.    This Stipulated Protective Order may be executed in two or more counterparts,

25     each of which shall be deemed an original, but all of which shall constitute one and the same

26     instrument.

27     /////

28     /////

-14-

**Severability**

27.     If any section, term or provision of this Stipulated Protective Order is held invalid or unenforceable for any reason, the remainder of the Stipulated Protective Order shall continue in full force and effect as if this Stipulated Protective Order had been executed with the invalid portion thereof eliminated.

SO STIPULATED.

Dated: *February 23, 2007*                      DLA PIPER US LLP

By _____
EMILY L. MAXWELL
Attorneys for Defendant
SONY ELECTRONICS INC.

Dated: _____          HULETT HARPER STEWART LLP

By _____
KIRK B. HULETT
BLAKE M. HARPER
Attorneys for Plaintiffs

Dated: _____          WOLF POPPER LLP

By _____
LESTER L. LEVY
PATRICIA I. AVERY
EMILY MADOFF
ELIZABETH FERGUSON
Attorneys for Plaintiffs

**ORDER**

IT IS SO ORDERED

Dated: *2-28-07*

_____
United States Magistrate Judge

-15-

1       27.     If any section, term or provision of this Stipulated Protective Order is held invalid

2  or unenforceable for any reason, the remainder of the Stipulated Protective Order shall continue

3  /////

4  /////

5  in full force and effect as if this Stipulated Protective Order had been executed with the invalid

6  portion thereof eliminated.

7      SO STIPULATED.

8  Dated: _____          DLA PIPER US LLP

9

10                      By _____

11                        LUANNE SACKS
                                EMILY L. MAXWELL

12                        Attorneys for Defendant
                                SONY ELECTRONICS INC.

13  Dated: **2 − 22 −07**

14                      HULETT HARPER STEWART LLP

15                      By _____

16                        KIRK B. HULETT
                                BLAKE M. HARPER

17                        Attorneys for Plaintiffs

18  Dated: **2 − 2 3 −07**

19                      WOLF POPPER LLP

20                      By _____

21                        LESTER L. LEVY
                                PATRICIA I. AVERY

22                        EMILY MADOFF
                                ELIZABETH FERGUSON

23                        Attorneys for Plaintiffs

24                      **ORDER**

25

26  IT IS SO ORDERED

27

28

1

2 **EXHIBIT A**

3 **Access To Confidential, Attorneys Eyes Only Material**

4 **ACKNOWLEDGMENT OF AND AGREEMENT TO**

5 **STIPULATED PROTECTIVE ORDER**

6       I, the undersigned, have read the terms and provisions of the STIPULATED

7 PROTECTIVE ORDER entered by the Court in the matter of *Arabian et. al. v. Sony Electronics*

8 *Inc.*, United States District Court, Southern District of California, Case No. 05-CV-1741 WQH

9 (NLS), a copy of which has been provided to me. I understand the terms and provisions thereof.

10       I hereby agree to be bound by and comply with the terms of the Stipulated Protective

11 Order, and not to disseminate or disclose any information subject to the Stipulated Protective

12 Order that I review or about which I am told, to any person, entity, party, or agency for any

13 reason, except in accordance with the terms of the Stipulated Protective Order. I further agree to

14 return all Protected Information to counsel at the conclusion of my involvement or engagement in

15 this matter.

16       I hereby agree that to the extent I am provided any documents or items designated

17 "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in conjunction with this litigation, I will

18 maintain those materials in a secure manner, I will abide by the terms of the Stipulated Protective

19 Order, and I will not disclose those materials or the fact I have those materials to any other person

20 not entitled to have access to those materials. I also agree not to make any copies of such

21 materials unless specifically authorized by counsel to do so, and to return them and any copies

22 when requested to do so by the party that hired me. I further agree that, at the conclusion of this

23 litigation, I will return or destroy any notes made about such materials.

24       I hereby certify that I am not currently engaged in any activity, whether as an employee,

25 consultant, independent contractor or agent, related to the development, design, manufacture,

26 reconfiguration, marketing, distribution, sale, or repair of, or submission of any patent application

27 regarding electronic data storage in computers including but not limited to computer internal

28 physical memory (also known as main memory products) or regarding the operation of computers

-16-

1   on battery power including but not limited to rechargeable battery power, and have not been for

2   two (2) years prior to the date I was retained in this action, except to the extent that I am engaged

3   as a litigation consultant to a law firm involved in prosecuting or defending litigation regarding

4   such products.

5        I hereby further certify that commencing upon the date of execution of this

6   Acknowledgment by me, and continuing for not less than one (1) year from the date of my last

7   review of Confidential Information, I will not undertake any activity, whether as an employee,

8   consultant, independent contractor or agent, related to the development, design, manufacture,

9   reconfiguration, marketing, distribution, sale or repair of, or submission of any patent application

10   regarding any computer hardware or software products related to electronic data storage, power

11   storage, or other similar devices, except for the purpose of acting as a litigation consultant to a

12   law firm involved in prosecuting or defendant future or contemporaneous litigation regarding

13   such products.

14        I further agree to be subject to the jurisdiction of the U.S. District Court of the Southern

15   District of California for the purposes of any matter arising out of the Stipulated Protective Order

16   or this Acknowledgment.

17        Signed on _____ at _____,

18

19                              Signature:_____

20   Please print

21   Name:_____

22   Company:_____

23   Address:_____

24   _____

25

26

27

28

-17-

**EXHIBIT B**

**ACKNOWLEDGMENT OF AND AGREEMENT TO**

**STIPULATED PROTECTIVE ORDER**

I, the undersigned, have read the terms and provisions of the STIPULATED PROTECTIVE ORDER entered by the Court in the matter of *Arabian et. al. v. Sony Electronics Inc.*, United States District Court, Southern District of California,  Case No. 05-CV-1741 WQH (NLS), a copy of which has been provided to me.

I hereby agree to be bound by and comply with the terms of the Stipulated Protective Order, and not to disseminate or disclose any information subject to the Stipulated Protective Order that I review or about which I am told, to any person, entity, party, or agency for any reason, except in accordance with the terms of the Stipulated Protective Order.  I hereby agree that to the extent I am provided any documents or items designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in conjunction with this litigation, I will maintain those materials in a secure manner, I will abide by the terms of the Stipulated Protective Order, and I will not disclose those materials or the fact I have those materials to any other person.  I also agree not to make any copies of such materials except to the extent I am specifically authorized by counsel to do so.  I further agree to return all CONFIDENTIAL and ATTORNEYS' EYES ONLY material and any copies of those materials to counsel at the conclusion of my involvement or engagement in this matter.

/////

/////

/////

/////

/////

/////

/////

/////

/////

-18-

1      I further agree to be subject to the jurisdiction of the U.S. District Court of the Southern

2 District of California for the purposes of any matter arising out of the Stipulated Protective Order

3 or this Acknowledgment.

4      Signed on _____ at _____,

5

6                Signature:_____

7 Please print

8 Name:_____

9 Company:_____

10 Address:_____

11 _____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-19-