# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THEODORE ARABIAN, MARTIN SAUER, EKREM SARAC, STEVE VARADI, and DAVID JOHNSON, On Behalf of Themselves Individually and All Others Similarly Situated,<br><br>                      Plaintiffs,<br>vs.<br>SONY ELECTRONICS INC.,<br><br>                      Defendant. | CASE NO. 05cv1741 WQH (NLS)<br>**ORDER**<br>(Doc. # 92 & 101) |

HAYES, Judge:

    The matters before the Court are the motion to dismiss filed by Defendant in its "Brief Concerning Proceedings after Denial of Plaintiffs' Class Certification Motion" (Doc. # 92), and Plaintiffs' Motion to Strike Defendant's Reply (Doc. # 101).

## I.    Background

    On September 8, 2005, Plaintiffs[1] filed this action for monetary damages and injunctive relief against Defendant Sony Electronics, Inc. ("Sony") on behalf of (1) "[a] nationwide Class of all persons in the United States who purchased Sony Vaio GRX laptops"; and (2) "[a] Class of all persons in the United States and Canada who purchased Sony Vaio FX laptops."

---

[1] Plaintiff David Johnson was not a named Plaintiff when this action was originally filed. He intervened in this action, with the consent of Sony. (Doc. # 20.)

(Compl. ¶ 18.)

Plaintiffs' Complaint alleges that "Sony has marketed, advertised, sold, and serviced its Sony Vaio GRX and FX series laptop/notebook computers . . . through the use of misleading information concerning the memory capacity of the machines." (*Id.* ¶ 2.) Specifically, Plaintiffs allege that the Sony Vaio GRX and FX series computers are normally sold with either 128 or 256 megabytes ("MB") but include the specific feature that the memory is expandable to 512 MB of RAM, configured over two memory slots. (*Id.* ¶ 29.) Plaintiffs allege that the second memory slot of these computers contain a manufacturing defect which can result in the computer being unable to read the second slot's available memory, thus making half of the advertised memory capacity of 512 MB of RAM unavailable to the user. (*Id.* ¶¶ 29-33.) Based upon these allegations, Plaintiffs make a number of claims against Sony pursuant to California statutes. (*Id.* ¶ 7.)

On July 3, 2006, this Court stayed the portion of the action dealing with the GRX series of laptop computers because of the pendency of a state court proceeding, *Hapner v. Sony Electronics, Inc.*, Cause No. GIC839244 (Superior Court of San Diego County, California), where a class had been certified with respect to the alleged GRX series memory-slot defect.[2] (Doc. # 38.) As the *Hapner* action did not involve the FX series computers, this action was not stayed as to the FX series.

On July 31, 2006, Plaintiffs David Johnson and Ekrem Sarac filed a Motion for Certification pursuant to Federal Rule of Civil Procedure 23, asking this Court to certify this action to proceed as a class action on behalf of all persons in the United States and Canada who purchased Sony Vaio FX series laptop computers.[3] On February 22, 2007, the Court issued an Order denying the Motion for Class Certification. (Doc. # 86.) The Court concluded

---

[2] The California Court of Appeals subsequently overturned the trial court's certification of the class of GRX purchasers. *See Sony Elecs. Inc. v. Superior Court*, 145 Cal. App. 4th 1086, 1096-97 (2006). The plaintiff in *Hapner* has filed a renewed motion for class certification related to GRX purchasers which is currently pending before the state trial court.

[3] Plaintiffs Johnson and Sarac purchased FX series computers, while Plaintiffs Theodore Arabian, Martin Sauer and Steve Varadi purchased GRX series computers. (Compl. ¶¶ 13-16; *see also* Doc. # 44 at 6.)

that Plaintiffs Johnson and Sarac each failed to satisfy the typicality requirement of Rule 23(a) because they were each subject to unique defenses. (Doc. # 86 at 7-9.) The Court also concluded that Plaintiffs failed to satisfy the predominance requirement of Rule 23(b) with respect to the proposed class of FX purchasers. (Doc. # 86 at 12-19.) No appeal was filed pursuant to Federal Rule of Civil Procedure 23(f).

On March 23, 2007, the Court conducted a status conference, and ordered the parties to file briefs regarding how this case should proceed in light of the Court's February 22, 2007 Order denying the Motion for Class Certification. (Doc. # 90.)

On May 11, 2007, Plaintiffs filed a brief stating in part:

> Plaintiff Johnson has determined to proceed with the litigation on an individual basis (reserving his rights to appeal the decision on class certification with respect to himself at the end of the litigation). The parties have tentatively resolved the claims of plaintiff Ekrem Sarac and, upon such final resolution, Mr. Sarac will be dismissing his individual claims and will not be appealing from the ruling of the Court denying his motion to certify him as class representative.

(Doc. # 91 at 1.)

On May 11, 2007, Sony filed a brief confirming that the parties had "tentatively agreed on a settlement which would include a dismissal of Mr. Sarac's claims." (Doc. # 92 at 3.) Sony moved for an order dismissing Johnson's claims for lack of subject-matter jurisdiction. (Doc. # 92 at 3-4.)

On May 14, 2007, this Court set a briefing schedule on Sony's motion to dismiss. (Doc. # 94.) After Plaintiffs filed an opposition brief (Doc. # 95), and Sony filed a reply brief (Doc. # 96), Plaintiffs filed a Motion to Strike Sony's reply brief on the grounds that Sony included arguments and authority not included in Sony's motion to dismiss (Doc. # 101). In the Motion to Strike, Plaintiffs responded to the arguments made by Sony in its reply brief.[4] (Doc. # 101 at 1-2.)

**II.   Discussion**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is

---

[4] Because Plaintiffs responded to the arguments made by Sony in its reply brief, the Motion to Strike is denied as moot.

to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

The only basis for subject-matter jurisdiction asserted by Plaintiffs in this action is diversity jurisdiction, as set out in 28 U.S.C. § 1332. Prior to 2005, diversity under § 1332 was required to be complete (i.e., all plaintiffs and all defendants were required to be from different states) and the amount in controversy for each plaintiff had to exceed $75,000. *See* 28 U.S.C. § 1332(a). In 2005, Congress enacted the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). "Section 1332(d), added by CAFA, vests the district court with 'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which' the parties satisfy, among other requirements, minimal diversity. Section 1332(d) thus abandons the complete diversity rule for covered class actions." *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 680 (9th Cir. 2006) (quoting 28 U.S.C. § 1332(d); citation omitted)). CAFA also provides: "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). Although CAFA broadened federal jurisdiction, the explicit "broadening provisions indicate that Congress carefully inserted into the legislation the changes it intended and did not mean otherwise to alter the jurisdictional terrain." *Abrego Abrego*, 443 F.3d at 684-85 (holding that CAFA "does not alter the longstanding rule that the party seeking federal jurisdiction on removal bears the burden of establishing that jurisdiction").

Without CAFA jurisdiction, Plaintiff Johnson could not prosecute his state law claims against Sony in federal court. It is undisputed that both he and Sony are citizens of California, and that Johnson's individual claim is worth less than $2000. (Doc. # 92 at 3-4; Doc. # 95 at 2.) Sony argues that the denial of the motion for class certification leaves Johnson without the ability to claim CAFA jurisdiction, and therefore Johnson must be dismissed for lack of subject-matter jurisdiction.

A handful of post-CAFA district court opinions have addressed the issue of jurisdiction under CAFA after the denial of class certification. In *McGaughey v. Treistman*, No. 05cv7069, 2007 WL 24935 (S.D.N.Y., Jan. 4, 2007), the court held that following denial of class certification, no subject matter jurisdiction existed under CAFA, and therefore the court dismissed plaintiff's action. *See id.* at *3-*4 ("Because Plaintiff's motion for class certification must be denied, Plaintiff's action is no longer a class action, and this Court cannot retain subject matter jurisdiction in diversity over Plaintiff's action pursuant to the Class Action Fairness Act. Because Plaintiff has failed to put forth a single fact relevant to his remaining individual action against Defendant that meets the $75,000 amount-in-controversy requirement of 28 U.S.C. § 1332(a), this Court loses subject matter jurisdiction over Plaintiff's individual action pursuant to the general federal diversity statute. Plaintiff's action therefore must be dismissed for lack of subject matter jurisdiction.") (citing 28 U.S.C. § 1332(d)(2)). Similarly, in *Gonzalez v. Pepsico, Inc.*, No. 06-2163, 2007 WL 1100204, at *4 (D. Kan., Apr. 11, 2007), the court stated: "If plaintiffs' motion for class certification were denied then plaintiffs would lose jurisdiction under CAFA and would need to meet general diversity jurisdiction requirements to maintain federal jurisdiction or risk dismissal of the case." *Id.* at *4 (citing *McGaughey*).

In *Falcon v. Philips Electronics North America Corp.*, 489 F. Supp. 2d 367 (S.D.N.Y. 2007), the defendant, relying upon *McGaughey*, argued "that upon denial of class certification the instant action became something other than a 'class action' and that the Court therefore lost subject matter jurisdiction under . . . CAFA . . ., which is the sole basis on which this action is in federal court." *Id.* at 368. The court responded that it "disagrees" with the defendant's argument, and stated:

> CAFA does not list class certification as a prerequisite to federal jurisdiction. Indeed, at the time a CAFA action is brought in federal court, class certification will almost always remain to be decided at some unspecified future date. Instead, CAFA, while extending only to class actions, defines 'class action' as follows:
>> [T]he term 'class action' means any civil action *filed* under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.
>
> 28 U.S.C. § 1332(d)(1)(B) (emphasis added).

> To be sure, if class certification is subsequently denied on a basis that precludes even the reasonably foreseeable possibility of subsequent class certification in the future, the Court may lose jurisdiction at that point. This was the situation in *McGaughey*, where the court denied class certification because plaintiff could not, and very likely could never, satisfy the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

*Id.* (citing *McGaughey*, 2007 WL 24935, at *2-3). The *Falcon* court concluded that because "plaintiff's counsel concededly is not able to come forward at this time with an adequate class representative," "this case now stands in the same position as *McGaughey*, i.e., a putative class action where a class cannot be certified either now or in the foreseeable future of this case. In these circumstances, the case must be, and hereby is, dismissed for lack of subject matter jurisdiction." *Id.* at 369.

In *Genenbacher v. CenturyTel Fiber Co. II, LLC*, --- F. Supp. 2d ----, 2007 WL 1452031 (C.D. Ill., May 15, 2007), the court stated that it disagreed with the analysis in *McGaughey*. *See id.* at *2. The court explained:

> A case brought or removed under CAFA invokes this Court's diversity jurisdiction. Once this Court has diversity jurisdiction, subsequent determinations that the plaintiffs cannot establish the jurisdictional facts do not affect the continued jurisdiction of this Court. *St. Paul Mercury Indem. Co.* [*v. Red Cab Co.*, 303 U.S. 283, 293-94 (1938)].
> In addition, this Court still continues to have jurisdiction based on Genenbachers' class claims because those have not been finally resolved. The denial of certification is an interlocutory order that may be altered or amended before final judgment. Fed. R. Civ. P. 23(c)(1)(C). The Genenbachers could conceivably renew the class certification request based on new evidence or some other appropriate ground. Because the class claims are not finally resolved, they remain part of this case, and this Court retains jurisdiction until a final judgment can be entered on those claims.

*Id.*

Finally, in *Giovanniello v. New York Law Publishing Co.*, No. 07cv1990, 2007 WL 2244321 (S.D.N.Y., Aug. 6, 2007), the court noted the conflict between *McGaughey* and *Genenbacher*, and stated:

> [I]n *Genenbacher v. CenturyTel Fiber Company II, LLC*, the Court broadly construed Supreme Court precedent to hold that the Court retained subject matter jurisdiction after denying class certification in a diversity case. No. 06-3604, 2007 Lexis 35327 at *5 (C.D. Ill. May 12, 2007) (Scott, J.) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291-95 (1938)). Although a court may retain jurisdiction the *Genenbacher* Court's holding ignores the Fed. R. Civ. P.'s instruction that '[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court *shall* dismiss the action.' Fed. R. Civ. P. 12(h)(3)

1 (emphasis added).

2 *Id.* at *3 n.11.

3   Unlike the situation in *Genenbacher* and as in *McGaughey* and *Falcon*, this Court finds that there is no "reasonably foreseeable possibility" that a class of FX computer purchasers will be certified in the future of this action. *Falcon*, 489 F. Supp. 2d at 368. In the briefing, Johnson indicated that he intends to prosecute his individual claim to final judgment without renewing the motion for class certification before this Court with respect to the FX computers. (Doc. # 91 at 1 ("Johnson has determined to proceed with the litigation on an individual basis . . . reserving his rights to appeal the decision on class certification with respect to himself at the end of the litigation. . . ."); Doc. # 95 at 1 (same).) Even if Johnson stated that he intended to renew his motion for certification, the Court finds that there is not a reasonably foreseeable possibility that Johnson can cure the issues which caused him to fail to satisfy the "typicality" requirement of Rule 23(a). (*See* Doc. # 86 at 7-9 (stating, *inter alia*, that Johnson's claims are subject to a statute-of-limitations defense, as well as unique defenses regarding his self-professed sophistication as a computer expert).)

16   Moreover, as noted in *Giovanniello*, the *Genenbacher* court failed to account for Federal Rule of Civil Procedure 12(h)(3), which provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3). Instead, the *Genenbacher* court was persuaded that this issue is governed by the rule of *St. Paul Mercury Indem. Co.* that "[f]ederal courts determine removal jurisdiction at the moment that the case is removed. Subsequent determinations that the plaintiff will not be able to prove the jurisdictional facts alleged do not affect continued jurisdiction." *Genenbacher*, --- F. Supp. 2d ----, 2007 WL 1452031, at *2 (citing, *inter alia*, *St. Paul Mercury Indem. Co.*, 303 U.S. at 293-94). *St. Paul Mercury Indem. Co.* stands for the proposition that "events occurring subsequent to the filing or removal of a case–whether one party changes its residence, thereby destroying complete diversity, or the amount in controversy drops below the jurisdictional amount–are not 'defects' in the court's jurisdiction; these subsequent events do not affect a federal court's diversity jurisdiction at all."

*Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1117 (7th Cir. 1997); *see also St. Paul Mercury Indem. Co.*, 303 U.S. at 293 ("[E]vents occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached."). By denying class certification and subsequently finding that there is no reasonably foreseeable possibility that Johnson will be able to represent a certified class of FX purchasers, this Court has essentially found that there is not–and never was–diversity jurisdiction over Johnson's claim pursuant to CAFA. This Court's decision is not based on any post-filing change in Johnson's residence or change in the amount of Johnson's claim. Therefore, the rule of *St. Paul Mercury Indem. Co.* is not implicated, and this Court is not persuaded by the reasoning of *Genenbacher*. Instead, this Court is persuaded by the reasoning of *McGaughey* and *Falcon*.

Johnson also argues:

> CAFA speaks in terms of 'cases' and 'actions,' not individual plaintiffs. E.g., 28 U.S.C. §§ 1332(d), 1453. CAFA does not deal with or separate out individual plaintiffs in a case with multiple plaintiffs or require that each individual plaintiff must separately satisfy jurisdictional requirements. Plaintiff Johnson is one of several plaintiffs in this action. It would be unprecedented to parse out individual plaintiffs such as Plaintiff Johnson under the guise of CAFA.

(Doc. # 95 at 2.)

The only named Plaintiffs who have a reasonably foreseeable possibility of representing a certified class are Plaintiffs Arabian, Sauer and Varadi, who have a alleged a class action on behalf of purchasers of the GRX computers. (*See* Compl. ¶ 18(a).) Johnson has neither alleged in the Complaint, nor asserted in any brief, that he purchased a GRX computer. Johnson, as the proponent of federal jurisdiction, bears the burden of showing that this Court has jurisdiction over his claims. *See Kokkonen*, 511 U.S. at 377. Johnson has failed to show that he could be a representative or a member of the putative class of GRX purchasers.

The only possible jurisdictional basis remaining for Johnson to stay in this Court is supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Section 1367 provides in part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States

> Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). "[Section 1367(a)] gives federal courts supplemental jurisdiction to the limits Article III of the Constitution permits, and in this way ratifies and incorporates the constitutional analysis of the Supreme Court made in [*United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)]." Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3567.3, 39. "*Gibbs* held that pendent jurisdiction exists where there is a sufficiently substantial federal claim to confer federal jurisdiction and 'a common nucleus of operative facts' between the state and federal claims such that a plaintiff 'would ordinarily be expected to try them all in a single judicial proceeding.'" *Picard v. Bay Area Regional Transit Dist.*, 823 F. Supp. 1519, 1526-27 (N.D. Cal. 1993) (quoting *Gibbs*, 383 U.S. at 725).

Johnson, as the proponent of federal jurisdiction, bears the burden of showing that his FX claims are part of the same case or controversy as the GRX claims. He has failed to satisfy this burden on the issue of subject-matter jurisdiction. Instead, it appears from the briefing that Johnson intends to litigate his individual FX claim entirely independent of the currently-stayed GRX claims. (Doc. # 91 at 1; Doc. # 95 at 1.) By staying the GRX claims and allowing the FX claims to proceed, this Court has found that the FX and GRX putative classes are distinct and separate. (Doc. # 19 at 2 (staying discovery as to the GRX claims, but allowing discovery to proceed as to the FX claims); Doc. # 38 at 1-2 ("A class has been certified in San Diego Superior Court with respect to the GRX laptops, which would include Plaintiffs Arabian, Varadi, and Sauer in the instant matter. However, the state court lawsuit does not allege defects in the FX laptops. The Court . . . stays the proceedings relating to the claims of Plaintiffs Arabian, Sauer, and Varadi, individually, and on behalf of a putative class of GRX purchasers.").) The Court finds that it does not have jurisdiction over Johnson's claims pursuant to 28 U.S.C. § 1367(a).

Finally, even if Johnson's claims were part of the same case or controversy as the GRX claims, the Court would decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(4) ("The district courts may decline to exercise supplemental jurisdiction over a

claim under subsection (a) if . . . (4) in exceptional circumstances, there are . . . compelling reasons for declining jurisdiction."). CAFA was enacted to provide a federal forum to certain multi-state "class actions" and "mass actions" with an aggregate amount in controversy exceeding $5,000,000. 28 U.S.C. § 1332(d). Compelling reasons of judicial economy and comity dictate that CAFA should not be used as a hook to allow a single non-diverse, non-class-member plaintiff prosecute an exclusively state law claim with an amount in controversy of less than $2000. *Cf. Exec. Software N. Am., Inc. v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994) ("[W]e believe that 'compelling reasons' for the purposes of [28 U.S.C. § 1367] subsection (c)(4) . . . should be those that lead a court to conclude that declining jurisdiction 'best accommodate[s] the values of economy, convenience, fairness, and comity.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988)). This situation is exceptional because of the likelihood that if the Court were to retain jurisdiction over Johnson's claims, his action would proceed through discovery and trial completely independent of the stayed GRX claims.

### III.  Conclusion

For the reasons stated above, the motion to dismiss Plaintiff Johnson for lack of subject-matter jurisdiction is **GRANTED**.  (Doc. # 92.)

Plaintiffs' Motion to Strike Defendant's Reply is **DENIED** as moot.  (Doc. # 101.)

DATED: September 13, 2007

**WILLIAM Q. HAYES**
United States District Judge